UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| AMERISAFE GENERAL AGENCY, INC., ET AL. | : | DOCKET NO. 06-0983 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| JAMES CAMPBELL | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand. [doc. # 6].[1]

### Background

The above-captioned suit was filed on May 13, 2005, in the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana. The suit stems from an Employment Agreement entered into between Amerisafe General Agency, Inc.; American Interstate Insurance Company; and Amerisafe, Inc. on one side (collectively, "Amerisafe"), and James Campbell on the other. (Petition, ¶ 5). Campbell was employed by Amerisafe as an insurance agent for eight and one-half years. *Id.* at ¶¶ 5-6. During his employment, Campbell sold and serviced general liability insurance policies, employer's liability/workers' compensation insurance policies, commercial auto policies, and property and casualty policies to Amerisafe's customers. *Id*. The Employment Agreement provided *inter alia* that for a period of two years following separation of employment, Campbell would not directly or indirectly solicit any of Amerisafe's clients or customers. *Id*. at ¶ 14.

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

On April 9, 2005, Campbell resigned his employment with Amerisafe. *Id*. at ¶ 19. Shortly thereafter, Amerisafe came to believe that Campbell had solicited its customers in contravention of the Employment Agreement, and the instant suit ensued. *Id*. at ¶ 20. Amerisafe seeks injunctive relief prohibiting Campbell from *inter alia* directly or indirectly soliciting its customers. Amerisafe further requests damages consisting of the value of any commissions earned by Campbell and any compensation, profits or revenue received by Campbell or anyone else stemming from the alleged breach. *See*, Petition, ¶¶ 30-31. Amerisafe concluded that its "current damages sustained and/or which may have been sustained" were less than $ 50,000. *Id*. at ¶ 33.

On May 16, 2005, service was perfected on Campbell. (M/Remand Exh. B). On July 7, 2005, Campbell filed an Exception and Petition for Rule Nisi. (Resp. Rem. Order, Exh. H). On November 10, 2005, Campbell's motion was denied. *Id.*, Exh. T. Over one month later, Campbell filed his answer. *Id.*, Exh. V.

Meanwhile, the parties engaged in discovery.[2] Campbell propounded his First Set of Interrogatories on September 2, 2005. (Pl. Memo., pg. 2). Interrogatory Number 11 asked Amerisafe to "describe in full detail all damages and the quantum thereof allegedly suffered by each Plaintiff . . ." (*See*, Pl. Ans. to Def. 1ˢᵗ Set of Interr. No. 11; Opp. Memo., Exh. 2). Plaintiffs' November 15, 2005, response stated that "for any insured that cancelled or cancels insurance coverage with the Plaintiffs or fails or failed to renew coverage with the Plaintiffs, the result was or will be an economic loss of premium associated with the policy or policies of those

---

[2] The following is only not a comprehensive recitation of the parties' discovery efforts.

insureds. . . . At the time of this response, Plaintiffs have not calculated the total amount of monetary damages." *Id*. Plaintiffs also identified six clients as potential witnesses. (Pl. Interr. Resp. No. 1; Def. Exh. 2). On February 7, 2006, Amerisafe took Campbell's deposition. (Opp. Memo., Exh. 4). Campbell identified the same six clients, plus another, as former Amerisafe clients of his that he sold insurance to after he left Amerisafe. (Opp. Memo., Exh. 4, pgs. 221-223). To date, Campbell has not scheduled the depositions of plaintiffs.

On May 19, 2006, six days after the one year anniversary of the filing of the suit, Amerisafe supplemented their interrogatory responses and stated that their "minimum estimated damages and losses as related to gross premium is $575,959.00," and that their "minimum estimated damages and losses as related to agency commissions is $53,096.00." (Pl. Suppl. Interr. Resp. No. 11; Def. Exh. 6). Within thirty days thereafter, Campbell removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On the 30th day after removal, Amerisafe filed the instant motion to remand alleging that subject matter jurisdiction is lacking because the amount in controversy does not exceed the jurisdictional minimum, 28 U.S.C. § 1332, and that removal was procedurally deficient because Campbell did not timely remove the case to federal court within 30 days after it became removable or within one year after suit was commenced, 28 U.S.C. § 1446(b). Following a delay for briefing, the matter is now before the court.

Discussion

a) <u>Amount in Controversy & the 30 Day Removal Period</u>

We begin with 28 U.S.C. § 1446(b). It provides that:

[t]he notice of removal of a civil action or proceeding shall be filed within thirty

3

> days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The initial thirty-day removal period under § 1446(b) is not triggered when the petition lacks a specific allegation that plaintiffs' damages exceed the federal jurisdictional threshold. *See, Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Freeman v. Witco, Corp.*, 984 F.Supp. 443, 447-448 (E.D. La.1997); and *Lucas v. Lowe's Home Center, Inc.*, WL 3543144 (E.D. La. 2005); *but see, Wise v. Bayer*, 281 F.Supp.2d 878 (W.D. La. 2003). Here, of course, not only is there not an allegation that plaintiffs' damages exceed $ 75,000, there is a specific allegation to the contrary. (Petition, ¶ 33). Accordingly, defendant was not required to remove the case pursuant to the first paragraph of § 1446(b), regardless of what he knew or should have known in the exercise of due diligence. *See, Chapman, supra.*

Under the second paragraph of section 1446(b), the time period for removal does not commence to run until it is "unequivocally clear and certain" that the amount in controversy is met, and that the case is removable under federal diversity jurisdiction. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 212 (5th Cir. 2002). This clear threshold promotes judicial economy by discouraging removal until the "factual basis can be proven by a preponderance of the evidence

4

through a simple and short statement of the facts." *Id.*

Here, it did not become "unequivocally clear and certain" that the amount in controversy exceeded the jurisdictional minimum until May 19, 2006, when Amerisafe served Campbell with its Supplemental Interrogatory Responses. In hindsight, there were arguably signs that plaintiffs' damages might exceed $ 75,000 (*e.g.* following defendant's deposition). However, from the defendant's perspective, any such hints were muted by plaintiffs' unchanged allegation that their damages do not exceed $ 50,000. (Petition). In fact, even after removal, plaintiffs still contend that Campbell has not established that plaintiffs' damages exceed the jurisdictional minimum for the exercise of diversity jurisdiction. (Pl. Memo., pg. 15). It was not until Campbell received plaintiffs' supplemental responses to his interrogatories that it became "unequivocally clear and certain" that the amount in controversy exceeded the federal jurisdictional minimum. *See, Bosky, supra.*

Defendant's interrogatory number 11 asked plaintiffs to "describe in full detail all damages and the quantum thereof allegedly suffered by each Plaintiff . . ." (*See*, Pl. Ans. to Def. 1st Set of Interr.; Opp. Memo., Exh. 2). In their supplemental response, plaintiffs provided preliminary calculations as to their losses and damages stating that their "minimum estimated damages and losses as related to gross premium is $575,959.00," and that their "minimum estimated damages and losses as related to agency commissions is $53,096.00." (Pl. Suppl. Interr. Resp. No. 11; Def. Exh. 6). Plaintiffs concluded their response by reserving their right to seek additional damages and amounts than set forth therein. *Id.* While Amerisafe now contends that the damages estimates in their discovery response are uncertain and should be used as a basis for actual damages calculation, the fact remains that the interrogatory response as written, clearly

5

and unequivocally established that the amount in controversy exceeded the federal jurisdictional minimum.

b) <u>The One Year Removal Limit</u>

The second paragraph of § 1446(b) permits the subsequent removal of an initially non-removable case only up to one year after the suit was commenced. 28 U.S.C. § 1446(b). This bar is not absolute, however, and equity may require extension of the one year limit where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). Manipulate or manipulation is defined in pertinent part as "to change by artful or unfair means so as to serve one's own advantage." *Webster's New Collegiate Dictionary* ©1976.

Here, plaintiffs offer no explanation for why they did not earlier provide defendant with a damages estimate. Plaintiffs state that they did not receive Campbell's signed deposition transcript until mid to late April 2006. (Pl. Reply Brief, fn. 6). However, plaintiffs did not need to wait until they received Campbell's signed deposition transcript certification to determine who he had sold policies to. Plaintiffs were aware of at least six potential customers as early as November 15, 2005, when they filed their responses to interrogatories, and no later than February during Campbell's deposition. Moreover, plaintiffs admit that the damages estimates in their supplemental interrogatory response were taken from the prior year's premiums while defendant was still employed with plaintiffs. (M/Remand, pgs. 18-19). In other words, plaintiffs possessed all of the information that they relied on to supplement their interrogatory response at least four months before they actually did. Yet, rather than supplementing their response at the earlier opportunity, plaintiffs inexplicably waited until six days after the one year anniversary of the

6

filing of the case. The circumspect timing of these events compels us to conclude that plaintiffs used unfair means in an attempt to thwart an unwanted removal.

We further find that equity compels an exception to the one year limitation in this case. Defendant timely removed the case within 30 days after it became removable. *See, Kinabrew v. Emco-Wheaton, Inc.*, 936F.Supp. 351, 352-353 (M.D. La. 1996).[3] Moreover, there is no indication that defendant could have done anything else to force plaintiffs to lay their cards on the table earlier. Also, the congressional concerns behind the one year limitation are not at issue here. *See, New York Life Insurance Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir.1998). Although, discovery has been proceeding in state court, plaintiffs' depositions have not yet been taken, nor has a trial date been set. Any discovery that has been conducted thus far will be transferrable to this court. On the other hand, plaintiffs' efforts to avoid removal to federal court, if successful, would undermine the purpose of diversity jurisdiction. *Ardoin v. Stine Lumber Co.*, 298 F.Supp.2d 422, 428 -429 (W.D. La. 2003).

For the foregoing reasons, we may properly exercise subject matter and removal jurisdiction. 28 U.S.C. §§ 1332 & 1446(b). Accordingly,

IT IS RECOMMENDED that plaintiffs' motions to remand [doc. # 6] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiffs' request for fees and costs be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days

---

[3] Plaintiffs cite *In Re: Vioxx Products Liability Litigation: Garza v. Evans*, to support their argument that defendant's removal is untimely. *In Re: Vioxx Products Liability Litigation: Garza v. Evans*, 2005 Lexis 36919 (E.D. La. 11/23/05). However, in *Garza*, the defendants removed the case more than 30 days after it became removable. *Id.*

7

from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 28, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE